UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0099-JLS (KESx) | Date | October 19, 2016 |
| Title | ShopKo Stores Operating Co., LLC v. Balboa Capital Corporation | | |

Present: The Honorable   Karen E. Scott, United States Magistrate Judge

| Jazmin Dorado | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) re ShopKo's Motion to Compel Responses to Discovery (Dkt. 58-59)

## I.   BACKGROUND

   Plaintiff ShopKo Stores Operating Co., LLC ("ShopKo") is suing Defendant Balboa Capital Corporation ("Balboa") alleging, among other things, that Balboa engaged in fraud and fraudulent business practices in violation of California's Unfair Competition Law ("UCL") at Business and Professions Code § 17200 by entering into leases for the financing of capital equipment with deceptive payment terms.   (Dkt. 53, First Amended Complaint ["FAC"] ¶ 1.)   ShopKo alleges that its leases with Balboa allowed Balboa to automatically withdraw from ShopKo's bank account either 12 or 20 quarterly payments depending on whether the lease was a three- or five-year term. (Dkt. 59, Joint Stipulation ["JS"] at 3.)   ShopKo alleges that Balboa also withdrew an unauthorized 13th or 21st payment characterized as "pro-rata" or "interim" rent that was not adequately disclosed by the lease and was charged "at the start of the lease arrangement so that ShopKo would have no idea that an extra quarterly payment was essentially withdrawn until the end of the lease, when a 13th or 21st payment was taken by Balboa."   (Id. at 4.)

   Balboa contends that the pro-rata rent was described and authorized by the Master Lease, which was incorporated by reference into each "Schedule" that ShopKo entered to lease particular equipment.   (Id. at 7.)   Balboa moved earlier to dismiss the entire Complaint, including ShopKo's fraud and UCL claims, but Balboa's motion was denied.   (Dkt. 42.)

## II.   INSTANT MOTION TO COMPEL

   On September 22, 2016, ShopKo filed a motion to compel Balboa to respond to three discovery items:   Interrogatory ("Rog.") No. 1 and Requests for Production ("RFP") Nos. 10 and 11.   (Dkt. 58.)   Rog. 1 asks Balboa to identify each of its customers from January 1, 2012 to December 31, 2015 that executed an equipment lease comparable to ShopKo's and pursuant to which Balboa received payment of pro-rata rent.   (JS at 9.)   RFP 11 asks Balboa to produce copies of those leases.   (Id. at 10.)   RFP 10 asks for "All documents and communications

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0099-JLS (KESx) | Date | October 19, 2016 |
| Title | ShopKo Stores Operating Co., LLC v. Balboa Capital Corporation | | |

concerning other lawsuits, complaints, objections or grievances, whether formal or informal, from any past, present or prospective customer of Balboa's concerning Balboa's application of or assertion of a right to assess 'pro-rated' rent in connection with any lease."   (<u>Id.</u>)

Balboa objected to all three discovery requests as irrelevant and unduly burdensome.   With regard to RFP 10, Balboa represents that it has never brought or defended a lawsuit over pro-rata rent.   (JS at 21.)

As to relevance, ShopKo responds that since the legal standard for a "fraudulent" business practice under the UCL is whether something is likely to deceive a reasonable consumer, information about whether Balboa's leasing terms and practices have actually deceived other consumers is relevant.   ShopKo contends that it wants to contact Balboa's customers and ask if they are aware of the pro-rata rent payment.   Balboa contends this is a fishing expedition aimed at "disrupting Balboa's business relationships with other customers [to] extort a settlement offer from Balboa."   (JS at 20.)

On September 29, 2016, the Court directed the parties to engage in further efforts to meet and confer.   (Dkt. 62.)   Unable to resolve their dispute, on October 4, 2016, both filed supplemental briefs.   (Dkt. 63, 64.)

On October 11, 2016, ShopKo filed a "notice of supplemental authority" attaching 16 newly discovered complaints published on the Better Business Bureau's website concerning Balboa and pro-rata rent.   (Dkt. 65.)   In response, Balboa filed an ex parte application for leave to move to strike the supplemental authority.   (Dkt. 68.)   On October 17, 2016, the Court denied Balboa's application and determined that it would consider ShopKo's supplemental authority, but it would also consider the arguments raised in Balboa's proposed motion to strike as part of Balboa's opposition to the instant discovery dispute.   (Dkt. 70.)   Balboa advised, "In the 2013 through 2015 timeframe, Balboa collected pro rata rent on 9,450 leases (a data point requested by the Court), but the time frame covered by Shopko's discovery requests includes 2012, such that the number inclusive of 2012 is likely to exceed 11,000."   (Dkt. 68-1 at 3.)

### III.   PROSPECTIVE MOTION FOR PROTECTIVE ORDER

On October 13, 2016, the parties advised the Court via e-mail that ShopKo had noticed Balboa's Rule 30(b)(6) deposition seeking testimony on topics 12 and 13, as follows:

(12)   Other lawsuits, complaints, objections or grievances, whether formal or informal, from any past, present or prospective customer of Balboa's concerning Balboa's application of or assertion of a right to assess "prorata" rent in connection with any lease from January 1, 2012 to December 31, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0099-JLS (KESx) | Date | October 19, 2016 |
| Title | ShopKo Stores Operating Co., LLC v. Balboa Capital Corporation | | |

(13)     Balboa's customers, from January 1, 2012 to December 31, 2015, that entered into a leasing agreement with Balboa containing a "pro-rata" term that is the same or similar to the term Balboa contends in this action obligates ShopKo to pay to Balboa additional monies, and which is quoted on Page 2 of Balboa's Memorandum as "A prorata portion of the rental charges based on a daily rental of one-ninetieth (1/90) of the aggregate average of the quarterly rentals calculated from the Commencement Date to the beginning of the Base Term shall be due and payable at the Commencement Date."

These topics involve the same documents/information presently at issue in ShopKo's motion to compel.   Balboa indicated that it intended to seek a protective order barring any testimony on these topics, but the parties agreed that the Court could address this dispute in the course of ruling on ShopKo's motion to compel.   The Court agreed to address this dispute over the proper scope of the Rule 30(b)(6) deposition notice without further briefing.

### IV.     HEARING

The Court conducted a hearing with counsel for the parties on October 18, 2016.   ShopKo repeated its offer to limit its discovery of Balboa's customers to a sampling of 200 (100 selected by ShopKo, 100 selected by Balboa) taken from 2012 to the present.

At the hearing, counsel for ShopKo cited <u>Salmeron v. Highlands Ford Sales, Inc.</u>, 220 F.R.D. 667 (D.N.M. 2003).   In that case, plaintiff purchased a used car from a dealership that allegedly did not disclose that the car had been owned previously by a rental car company.   The dealership determined that in a six-month period, it had sold 35 cars previously owned by a rental car company.   The district court determined that plaintiff was entitled to discover contact information for those purchasers, because they were potential third-party witnesses.   <u>Id.</u> at 670.   The court found, "Evidence that Highlands Ford failed to make disclosures or made misrepresentations to other customers would enable Ms. Salmeron to establish that Highlands Ford acted intentionally and/or that Highlands Ford's actions were part of a pattern or practice rather than the result of an innocent or isolated mistake."   <u>Id.</u> at 671.

Both parties cited <u>Sherwin-Williams Co. v. JB Collision Services, Inc.</u>, 13-CV-1946-LAB WVG, 2014 U.S. Dist. LEXIS 93368 (S.D. Cal. July 9, 2014).   In that case, defendant asked plaintiff to produce "A list of any and all other autobody shops in San Diego County that have contracted with YOU for automotive paint products during the time period of September 10, 2008 through the present."   <u>Id.</u> at *13.   The district court reasoned this information was relevant, because "if Plaintiff is receiving customer complaints, then that fact would lend credence to Defendants' argument that there was an issue with Plaintiff's paint products of which Plaintiff was aware."   <u>Id.</u> at *14.

Finally, ShopKo also cited <u>Fenske-Buchanan v. Bank of Am. N.A.</u>, No. C11-1656 MJP,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0099-JLS (KESx) | Date | October 19, 2016 |
| Title | ShopKo Stores Operating Co., LLC v. Balboa Capital Corporation | | |

2012 WL 2367124 (W.D. Wash. June 21, 2012). In that case, the district court allowed discovery concerning a bank's other customers because, "it would still be incorrect to state that Plaintiff has no need for customer information that could lead to the discovery of a 'pattern or practice' of malfeasance on Defendants' part. The Court agrees that 'to prove fraudulent intent, retaliation and systematic and deliberate practice, discovery into how many times the practice has been employed necessarily is relevant.' [record citation]. Proof of scienter required for establishing fraud alone can support the production of information related to company-wide practices." Id. at *3.

V. DISCUSSION

As to relevance, records showing that other Balboa customers were confused, misled or deceived by pro-rata rent lease terms comparable to those at issue in this lawsuit are relevant to Plaintiff's fraud and UCL claims. Persisting in an allegedly deceptive business practice after receiving customer complaints could be evidence of intent to defraud. Facts concerning how often Balboa's customers were (or were not) deceived by the same lease terms could be evidence of whether those lease terms were likely to deceive industry consumers.

Balboa is ordered to produce documents responsive to RFP 10 with the following limitations:
(1) Balboa need only respond as to past or present customers (not prospective);
(2) Balboa shall search records dating from January 1, 2013 through December 31, 2015; and
(3) For Electronically Stored Information, counsel shall "meet and confer" to identify a reasonable number of appropriate custodians (e.g., collections or customer service staff) and key word searches designed to locate relevant documents.

Examples of relevant, responsive documents would include, without limitation: (1) call database records, (2) emails or paper letters from customers asking why a 13th or 21st payment was taken, or disputing such a payment, and Balboa's responses thereto (both internal and to the customer), and (3) customer complaints filed with the Better Business Bureau or any other consumer protection groups about pro-rata rent and any file related to such complaints (e.g., correspondence, investigations, adjustments made to amounts charged, etc.).

To the extent any relevant, responsive documents that pre-date this lawsuit are withheld on the basis of privilege, Balboa shall prepare a privilege log identifying them.

With regard to Rog 1 and RFP 11, Balboa need only respond and produce responsive documents concerning customers associated with a record produced in response to RFP 10, as limited above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0099-JLS (KESx) | Date | October 19, 2016 |
| Title | ShopKo Stores Operating Co., LLC v. Balboa Capital Corporation | | |

With regard to the Rule 30(b)(6) deposition notice, topics 12 and 13 shall also be limited to customers associated with a record produced in response to RFP 10.

With these limitations, the burden of locating responsive information and records is proportional to the needs of the case, given that: (1) records of other complaints are relevant, as discussed above, (2) only Balboa has access to these records, and (3) Balboa has not provided the Court with evidence sufficient to show that the burden of conducting a reasonable search outweighs the benefit. The Court is not persuaded that ShopKo's contacting customers who have already complained will unduly disrupt Balboa's business relationships.

Balboa's supplemental responses, document production and privilege log shall be served **within thirty (30) days** of this order.

IT IS SO ORDERED.

Initials of Deputy Clerk ___JD___